IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDREA HERNANDEZ, a minor, by and through her father and next friend, Steve Hernandez, *Plaintiff*, v. NORTHSIDE INDEPENDENT SCHOOL DISTRICT, by and through its Board of Trustees; ROBERT HARRIS, in his individual capacity and in his official capacity as Principal of John Jay High School; and JAY SUMPTER, in his individual capacity and in his official capacity as Principal of John Jay Science & Engineering Academy, *Defendants*. | Case No. 5:12-cv-01113 |

### AMENDED COMPLAINT

COME NOW the Plaintiff, Andrea Hernandez, by and through her father and next friend, Steve Hernandez, and allege and aver as follows:

### Introduction

1.  This is a case in which school officials have chosen to punish a child, including removing her from her school, rather than grant her a religious exemption from a name badge requirement that violates her sincerely held religious beliefs. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for redress of the deprivation under color of statute, ordinance, regulation, custom or usage of certain rights secured to her by the First and Fourteenth Amendments to the United States Constitution, and pursuant to state law

1

for violations of her rights under the Texas Religious Freedom Act, Tex. Civ. Prac. & Rem. Code § 110.001 *et seq.*

2. Plaintiff is entitled to injunctive and declaratory relief preventing Defendants from violating her fundamental rights under the First and Fourteenth Amendments to the United States Constitution and Texas law.

3. Plaintiff seeks immediate injunctive and declaratory relief to prevent Defendants from removing her from her current educational program in retaliation for her refusal to participate in a pilot program that conflicts with her sincere religious beliefs.

4. Plaintiff originally filed this action in the Texas District Court of Bexar County.

5. The Texas District Court of Bexar County granted Plaintiff's application for a temporary restraining order on November 21, 2012, restraining Defendants from removing Plaintiff from her current academic program at John Jay Science and Engineering Academy for a period of fourteen (14) days or until further order by the Court.

6. On November 27, 2012, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441 prior to the scheduled hearing on Plaintiff's motion for a preliminary injunction.

## Jurisdiction and Venue

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United States for the deprivation of rights secured by the Constitution of the United States.

8. This Court has jurisdiction to enter a declaratory judgment in favor of the

Plaintiff under 28 U.S.C. §§ 2201-2202.

9. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's claims arising under state law, as said claims are so related to Plaintiff's claims arising under the United States Constitution as to form part of the same case or controversy.

10. Venue properly lies in the Western District of Texas under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this District.

## Parties

11. Plaintiff Andrea Hernandez is a minor who has earned admission to and is currently enrolled at John Jay Science and Engineering Academy ("Academy"), and she brings this action through her father and next friend, Steve Hernandez.

12. Defendant Northside Independent School District ("District") is a public school district organized and operating under the laws of the State of Texas, and may be served by serving its Superintendent, Brian Woods, at 5900 Evers Road, San Antonio, Texas 78238. In all respects set forth in this Complaint, Defendant Northside Independent School District acted under color of the laws of the State of Texas.

13. Defendant Robert Harris is the principal of John Jay High School, a public school operating within District. He is sued in his individual capacity and in his official capacity for claims brought pursuant to 42 U.S.C. § 1983. In all respects set forth in this Complaint, Defendant Harris acted under color of the laws of the State of Texas. He may be served at his principal place of business, 7611 Marbach Road, San Antonio, Texas 78227.

14. Defendant Jay Sumpter is the principal of Academy, a public school

operating within District. He is sued in his individual capacity and in his official capacity for claims brought pursuant to 42 U.S.C. § 1983. In all respects set forth in this Complaint, Defendant Sumpter acted under color of the laws of the State of Texas. He may be served at his principal place of business, 7611 Marbach Road, San Antonio, Texas 78227

### Factual Allegations

15. Plaintiff is a Christian high school student.

16. Plaintiff is academically gifted and is an exemplary student. She was awarded a place in Academy after completing a rigorous application process which requires, among other things, that she have no history of disciplinary infractions, that she have good grades and that she provide a suitable essay.

17. District, by and through its Board of Trustees, has determined to pilot a "Student Locator Project" in John Jay High School and Academy in an effort to increase public funding for District. Pursuant to the Project, students have been instructed to wear around their necks "Smart ID" badges. The badges are implanted with chips that transmit radio signals, thus allowing school officials to track the location of students wearing the badges on campus.

18. Defendants' stated rationale for the Student Locator Project is the belief that the Project will increase public funding for District by increasing the rate of student attendance in classes.

19. Plaintiff has not demonstrated a pattern of unexcused absences from classes.

20. Plaintiff and her father object to the requirement that Plaintiff wear the

4

SmartID badge on the basis of Scriptures found in the book of Revelation. According to these Scriptures, an individual's acceptance of a certain code, identified with his or her person, as a pass conferring certain privileges from a secular ruling authority, is a form of idolatry or submission to a false god.

21. When Plaintiff and her father communicated to Defendants their religious objection to Plaintiff's wearing of the SmartID badge, Plaintiff was offered an "accommodation" whereby the radio chip would be removed from Plaintiff's badge. Under this "accommodation," however, Plaintiff would still be required to wear the badge around her neck as an outward symbol of her "participation" in the Project.

22. By written letter, Plaintiff and her father informed Defendants that the proposed "accommodation" was unacceptable, because it would give the appearance of Plaintiff's participation in the program. By expressing support for the Project through wearing its visible symbol on her person, Plaintiff would be expressing support for a program to which she adamantly objects on the basis of her sincere religious beliefs.

23. Plaintiff and her father invoked District's duly-enacted procedures to resolve their grievance with Defendants.

24. During the pendency of Plaintiff's grievance, Plaintiff has continued to carry her old student identification card, which has, in the past, achieved District's legitimate interest in identifying students but does not entail the use of technology to subject students to such a degree of submission to government officials as does the SmartID badge.

25. Defendants denied Plaintiff equal protection and participation by denying

5

her the opportunity to vote for homecoming queen and king on the basis that she was not wearing the SmartID badge, but rather possessed only her old student identification card. Defendants have also indicated that if she does not conform to their demands regarding the SmartID badge, Plaintiff will be unable to purchase tickets to extracurricular activities. Defendants have truncated Plaintiff's right to participate fully in school events.

26.   Defendants have denied Plaintiff equal protection by denying her equal access to school facilities, such as the cafeteria, school library and even the restroom. Defendants have imposed separate lunch lines to distinguish between students who wear the SmartID badge and those who have failed or refused to wear it. Defendants have denied Plaintiff her right to access the same lunch line as her peers and as a direct result they have treated her as a second-class student.

27.   On September 25, 2012, Defendant Harris interfered with Plaintiff's distribution of fliers and petitions to her peers on school property after school hours. The documents expressed Plaintiff's objections to the Student Locator Project.

28.   Defendant Harris informed Plaintiff on September 25, 2012, that because the materials she was distributing to peers "went against" a program supported by District, she was prohibited from distributing the materials on school property.

29.   Plaintiff's Level II hearing on the issue of the conflict between Plaintiff's religious beliefs and the requirement that she participate in the Student Locator Project was scheduled for Friday, November 16th. Nonetheless, Defendants Harris and Sumpter sent Plaintiff's father a letter dated November 13th, informing him that because Plaintiff had refused to don the SmartID badge, she would be withdrawn from Academy on November 26th. A copy of this letter is attached hereto as Exhibit A.

30. While the letter implies that Plaintiff's refusal to wear the badge violates Academy's rules, policies, and procedures, the student handbook which sets forth duly-enacted District rules, policies, and procedures, does not contain any rules, policies, or procedures regarding the badges.

31. Plaintiff is not aware of any duly-enacted District rule, policy or procedure providing students with notice that they may be disciplinarily transferred from their academic programs as a consequence of their failure to wear the badge.

32. Plaintiff has observed a large number of other students at John Jay High School and/or Academy who have similarly refused to wear the SmartID badges, but as far as Plaintiff is aware, they have not been subjected to the intense retaliation and discipline that has been imposed upon Plaintiff

33. As a result of the actions of Defendants, Plaintiff has incurred non-pecuniary damages, including, but not limited to, humiliation, mental anguish, loss of enjoyment of life, and loss of opportunities to communicate ideas to her peers.

34. Defendants' letter advising Steve Hernandez that Plaintiff will be withdrawn from Academy as of November 26, 2012, constitutes an imminent threat of irreparable injury to Plaintiff's fundamental civil rights. Plaintiff, among other things, will be unable to complete her Web Technology class as no such course is available at her "home" school, Taft, where she will be returned. She will lose the opportunity to continue her education in science and technology with such courses as the Web Technology class which is presently teaching managing and building websites and which is her chosen field to pursue at both the Science and Technology Academy at John Jay and eventually in college. Further, she will have a record of being withdrawn from this

prestigious Academy for purportedly breaking a "rule," the text of which Defendants have not provided to Plaintiff or her father. This withdrawal will be recorded on her transcript and available for review by prospective colleges and others who convey scholarships. Further, Plaintiff is less than two months from final exams in the courses she has been taking at John Jay and will suffer disruption if she is moved from those classes she is presently taking to new classes at Taft.

35. Plaintiff has suffered and will continue to suffer irreparable harm from Defendants' violation of her rights under the First and Fourteenth Amendments and Texas' Religious Freedom Act unless this Court intervenes in this matter.

### First Cause of Action
### Violation of Plaintiff's Free Exercise Rights Under the First Amendment

36. Plaintiff's refusal to wear the SmartID badge, with or without the radio chip, is substantially motivated by her sincere religious belief.

37. Defendants' denial of Plaintiff's request for an exemption from participating in the Student Locator Project substantially burdens Plaintiff's religious beliefs and is not the least restrictive means of furthering any compelling government interest.

Wherefore, Plaintiff demands judgment against Defendants for:

    a. A declaratory judgment declaring that Defendants' denial of Plaintiff's requested exemption from the Student Locator Project to accommodate her religious beliefs is in violation of Plaintiff's free exercise rights under the First Amendment;

    b. A preliminary injunction forbidding Defendants from withdrawing Plaintiff from Academy on account of her refusal to participate in the

  Student Locator Project and requiring Defendants to exempt Plaintiff from participation in the Project;

c. A permanent injunction against the further burdening of Plaintiff's religious beliefs by Defendants;

d. Reasonable attorneys' fees, court costs, and expenses; and

e. Such other and further relief as this Court may deem appropriate and just.

**Second Cause of Action**
**Texas Religious Freedom Act, Tex. Code Ann. § 110.001 *et seq.***

38. Plaintiff's refusal to wear the SmartID badge, with or without the radio chip, is substantially motivated by her sincere religious belief.

39. Defendants' denial of Plaintiff's request for an exemption from participating in the Student Locator Project substantially burdens Plaintiff's religious beliefs and is not the least restrictive means of furthering any compelling government interest.

40. While Defendants have had actual notice, for several weeks, of the conflict between the Student Locator Project and Plaintiff's religious beliefs, on November 21, 2012, Plaintiff sent by certified mail, return receipt requested, a letter outlining this conflict in compliance with Tex. Code Ann. § 110.006.

41. Plaintiff brings this action for immediate relief pursuant to Tex. Code Ann. § 110.006(b)(1) because the exercise of government action is imminent, as indicated by the letter from Defendants Harris and Sumpter advising Mr. Hernandez that Plaintiff will be withdrawn from her academic program as of November 26, 2012, due to her refusal to submit to the requirements of the Student Locator Project.

9

Wherefore, Plaintiff demands judgment against Defendants for:

a. A declaratory judgment declaring that Defendants' denial of Plaintiff's requested exemption from the Student Locator Project to accommodate her religious beliefs is in violation of Texas' religious freedom statute;

b. A preliminary injunction forbidding Defendants from withdrawing Plaintiff from Academy on account of her refusal to participate in the Student Locator Project and requiring Defendants to exempt Plaintiff from participation in the Project;

c. A permanent injunction against the further burdening of Plaintiff's religious beliefs by Defendants;

d. Reasonable attorneys' fees, court costs, and expenses; and

e. Such other and further relief as this Court may deem appropriate and just.

### Third Cause of Action
**Violation of Plaintiff's Free Speech Rights Under the First Amendment**

35. The requirement that Plaintiff wear the SmartID badge as a show of support for and participation in the Student Locator Project purports to compel Plaintiff to communicate a message that violates her conscience and her sincerely held religious beliefs.

36. Plaintiff's right to distribute petitions and fliers at school during non-instructional time is protected by the First Amendment.

37. Plaintiff's peaceful, expressive activities at school did not cause any substantial disruption of school activities.

38.  Defendant Harris' interference with Plaintiff's expressive activities was based on the viewpoint of the materials Plaintiff sought to distribute.

Wherefore, Plaintiff demands judgment against Defendants for:

   a. A declaratory judgment declaring that Defendants' actions in attempting to compel Plaintiff to express a particular message and in prohibiting her from distributing written materials that are critical of District's position are unconstitutional;

   b. A preliminary injunction forbidding Defendants to compel Plaintiff to express approval of the Student Locator Project by wearing the SmartID badge and forbidding Defendants to interfere with Plaintiff's distribution of literature on school property at appropriate times;

   c. A permanent injunction against Defendants forbidding them to interfere with Plaintiff's free speech rights any further;

   d. Compensatory damages in an amount to be determined;

   e. Nominal damages, in the event that no compensatory damages are awarded;

   f. Reasonable attorneys' fees, court costs, and expenses; and

   g. Such other and further relief as this Court may deem appropriate and just.

### Fourth Cause of Action
**Violation of Plaintiff's Due Process Rights Under The Fourteenth Amendment**

39.  Plaintiff has not, to date, been notified that she has violated any duly-enacted District rule or policy by refusing to wear the SmartID badge.

40.  Plaintiff has not, to date, been advised of any duly-enacted District rule or

policy permitting students to be disciplinarily transferred from Academy as a result of their refusal to wear the SmartID badge.

41. Defendants have not employed proper District procedures and protocols in unilaterally determining to permanently "withdraw" Plaintiff from Academy as a result of her refusal to wear the SmartID badge.

Wherefore, Plaintiff demands judgment against Defendants for:

a. A declaratory judgment that Defendants have violated Plaintiff's due process rights by withdrawing her from Academy without having first provided her with fair notice that withdrawal might be a consequence of Plaintiff's failure to wear a certain badge and without following duly-enacted procedures and protocols;

b. A preliminary injunction forbidding Defendants from withdrawing Plaintiff from Academy on account of her refusal to participate in the Student Locator Project;

c. Compensatory damages in an amount to be determined;

d. Nominal damages, in the event that no compensatory damages are awarded;

e. Reasonable attorneys' fees, court costs, and expenses; and

f. Such other and further relief as this Court may deem appropriate and just.

### Fifth Cause of Action
**Violation of Plaintiff's Equal Protection Rights under the Fourteenth Amendment**

42. Plaintiff has been singled out for disfavored treatment by Defendants

due to her refusal to participate in the Student Locator Project on the basis of her sincerely held religious beliefs, while students who have refused or failed to participate for other reasons have been treated less harshly.

Wherefore, Plaintiff demands judgment against Defendants for:

a. A declaratory judgment that Defendants have violated Plaintiff's equal protection rights by treating her less favorably than others similarly situated on account of her religious beliefs;

b. A preliminary injunction forbidding Defendants from treating Plaintiff less favorably than others similarly situated on account of her religious beliefs;

c. Compensatory damages in an amount to be determined;

d. Nominal damages, in the event that no compensatory damages are awarded;

e. Reasonable attorneys' fees, court costs, and expenses; and

f. Such other and further relief as this Court may deem appropriate and just.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

1. That a declaratory judgment be entered pursuant to 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described herein to violate Plaintiff's rights under Texas' Religious Freedom Act and to be unconstitutional under the First and Fourteenth Amendments to the United States Constitution;

2. That a preliminary injunction be entered pursuant to Rule 65(a) of the Federal Rules of Civil Procedure in order to preserve the status quo during the pendency of this action by forbidding Defendants, their officers and agents from withdrawing Plaintiff from Academy on account of her refusal to participate in the Student Locator Project.

3. That, upon trial and final judgment, an order be entered permanently enjoining Defendants, their officers, and agents from further interfering with Plaintiff's free speech and free exercise rights by coercing her to participate in the Student Locator Project, compelling her to express any message, or prohibiting her from distributing literature on school property at appropriate times;

4. That this Court award Plaintiffs nominal and compensatory damages in an amount to be determined at trial;

5. That this Court order Defendants to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 1988 and Tex. Code § 110.001 *et seq.*, together with the costs of this litigation; and

6. Any and all such other and further relief as this Court may deem proper.

Dated: November 30, 2012

RESPECTFULLY SUBMITTED,

Jerri Lynn Ward
Garlo Ward, P.C.
907 Ranch Road 620 S., Ste. 101
Lakeway, TX 78734
Tel: 512.302.1103
Fax: 512.302.5236

Affiliate Attorney with
THE RUTHERFORD INSTITUTE


By:   */s/ Jerri Lynn Ward*
      Jerri Lynn Ward
      Attorney in Charge
      State Bar No. 20844200
      Email:jward@garloward.com

      ATTORNEYS FOR PLAINTIFFS

STATE OF TEXAS §
§
COUNTY OF BEXAR §

Before me, the undersigned Notary Public, on this day personally appeared _Steve Hernandez_, who, after being duly sworn, stated under oath that he is the guardian and next friend of the Plaintiff in this action; that he and Plaintiff have read the above Plaintiff's Original Petition And Application For Temporary Restraining Order And Injunction; and that every statement contained in the "Factual Allegations" section of Plaintiff's Original Petition And Application For Temporary Restraining Order And Injunction is within his/her personal knowledge and is true and correct.

Signature: _[signature]_

Print Name: _Steve Hernandez_

SUBSCRIBED AND SWORN TO BEFORE ME by _Steven Hernandez_ on this the _28th_ day of November, 2012, to certify which witness my hand and official seal of office.

_[signature]_
Notary Public in and for the State of Texas

My commission expires: _8/17/2016_

CIERRA SCHULTZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 08-17-2016

16

STATE OF TEXAS §
§
COUNTY OF BEXAR §

Before me, the undersigned Notary Public, on this day personally appeared Andrea Hernandez who, after being duly sworn, stated under oath that she is the Plaintiff she has read the above Plaintiff's Original Petition And Application For Temporary Restraining Order And Injunction; and that every statement contained in the "Factual Allegations" section of Plaintiff's Original Petition And Application For Temporary Restraining Order And Injunction is within her personal knowledge and is true and correct.

Signature: *Andrea Hernandez*

Print Name: Andrea Hernandez

SUBSCRIBED AND SWORN TO BEFORE ME by Andrea Hernandez on this the 28th day of November, 2012, to certify which witness my hand and official seal of office.

*Cierra Schultz*
Notary Public in and for the State of Texas

My commission expires: 8/17/2016

CIERRA SCHULTZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 08-17-2016

17

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2012, I electronically filed the foregoing instrument with the clerk of court using the CM/ECF and hereby certify that I have mailed a copy of the above and foregoing document by certified mail, return receipt receipted to the following participant:

D. Craig Wood  **CERTIFIED MAIL RETURN RECEIPT**
WALSH, ANDERSON, GALLEGOS,  **REQUESTED** No. 7012 1010 0001 0578
764
GREEN & TREVINO, P.C.
100 N.E. Loop 410, #900
San Antonio, TX 78216
*Counsel for Defendants*

/s/ *Jerri Lynn Ward*
Jerri Lynn Ward