IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDREA HERNANDEZ, a minor, by and through her father and next friend STEVE HERNANDEZ,<br><br>       Plaintiff,<br><br>v.<br><br>NORTHSIDE INDEPENDENT SCHOOL DISTRICT, by and through its Board of Trustees; ROBERT HARRIS, in his individual and official capacity; and JAY SUMPTER, in his individual and official capacity,<br><br>       Defendants. | CIVIL ACTION NO. 5:12-cv-1113 OLG |

**PLAINTIFF'S STATUS ADVISORY PURSUANT TO THE
COURT'S FEBRUARY 4, 2013 ORDER**

Pursuant to the Court's February 4, 2013 Order, Plaintiff Andrea Hernandez provides the following status advisory:

a)  To date, the parties have not resolved the dispute by agreement, and Plaintiff intends to pursue her claims, as articulated in the Amended Complaint (Docket No. 15).

b)  Plaintiff has not accepted Defendants' proposed accommodation because doing so would require Plaintiff to act in a way that is contrary to her sincerely held religious beliefs.  On Friday, January 18, 2013, Plaintiff sent a letter to Defendants Sumpter and Harris, notifying them that she "do[es] not wish to use the new badge, even without the RFID chip" but instead "would prefer to be allowed to use [her] old badge, which does not signify participation in a program which [she] believe[s] conflicts with [her] religious beliefs."  *See* Letter from Andrea Hernandez to Robert Harris and Jay Sumpter (Jan. 18, 2013) (attached as Exhibit A).  In response, that

same day, Defendants informed Plaintiff that she had been withdrawn from the John Jay Science & Engineering Academy ("Academy") and should report to Taft High School ("Taft") the following Tuesday.

      c)      On January 22, 2013, Plaintiff started attending Taft.  Although Taft does not participate in the Smart ID badge pilot program, this case is nevertheless justiciable because Plaintiff has suffered an injury-in-fact, namely, Defendants' refusal to provide an adequate religious accommodation has deprived Plaintiff of constitutional rights.  Moreover, Plaintiff's cause of action under the Texas Religious Freedom Restoration Act is not moot:  Defendants' proposed accommodation substantially burdens Plaintiff's free exercise.[1]  If anything, Plaintiff's decision to be transferred rather than comply with Defendants' requirements confirms that she has a sincere religious belief that the Smart ID badge -- with or without the RFID chip -- is the "mark of the Beast."  She would rather forgo her place at the Academy than compromise those religious beliefs.

      Additionally, Plaintiff notes that Defendants' motion to dismiss (Docket No. 20) is currently pending before the Court.  The briefing on the motion is complete, and Plaintiff respectfully requests, pursuant to Local Rule 7(h), oral argument on the motion.  Oral argument would permit the parties to respond to questions the Court has on issues raised in the parties' papers and to address the above-mentioned events in the litigation since the completion of briefing.

---

[1]    Notably, whether a government action "substantially burdens" a person's free exercise of religion is measured from the individual's perspective, not from that of the government.  *See Barr v. City of Sinton*, 295 S.W.3d 287, 301 (Tex. 2009).

        Respectfully submitted,

        */s/ Jerri Lynn Ward*
        Jerri Lynn Ward (SBN 20844200)
        Garlo Ward, P.C.
        907 Ranch Road 620 S., Ste. 101
        Lakeway, TX 78734
        Tel: 512.302.1103
        Fax: 512.302.5236

        Affiliate Attorney with
        THE RUTHERFORD INSTITUTE

Dated: February 14, 2013